COMMONWEALTH *vs.* FREDERICK ERICKSON
(and a companion case [1]).

Plymouth.   May 16, 1969. — May 28, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Psychiatrist.

There was no error in the denial of a motion, by an indigent defendant
   indicted for escape from a correctional institution, for the appoint-
   ment of a psychiatrist to be paid by the Commonwealth but to be
   chosen by the defendant to assist in his defence, although he had been
   committed to that institution as mentally ill under G. L. c. 123, § 103,
   and his defence was insanity.

TWO INDICTMENTS found and returned in the Superior
Court on May 4, 1967.

Motions for the appointment of a psychiatrist were heard
by *Collins,* J., and the cases were tried before him.

The cases were submitted on briefs.

*Ronald J. Chisholm & Gerard F. Schaefer* for the defen-
dants.

*Willie J. Davis,* Assistant Attorney General, for the
Commonwealth.

WILKINS, C.J.   These cases are identical.   Each defendant
was indicted for escape on or about February 24, 1967, from
the Massachusetts Correctional Institution at Bridgewater.
Pleas of not guilty by reason of insanity were entered by
order of the judge.   Motions for the appointment of a psychia-
trist chosen by the defendants and paid for by the Com-
monwealth to assist in the defence were denied, and the
defendants excepted.   The judge found as a fact that each
defendant was indigent, unable to pay the cost of a psychia-

---

[1] The companion case is by the Commonwealth against George Harrison.

trist, and at another time had been committed as mentally ill under G. L. c. 123, § 103.

The jury returned a verdict of guilty in each case. The defendants were sentenced to a term in the Massachusetts Correctional Institution at Walpole, to be served from and after any sentence each was serving.

The Commonwealth does not argue that the defendants were not entitled to be examined by independent psychiatrists at the expense of the Commonwealth. Its contention is that the defendants were not entitled to be examined by psychiatrists of their own choosing at the expense of the Commonwealth. The defendants do not contend that their right is absolute, but base their argument particularly upon the fact that they were charged with escaping from a State institution in which they were confined as mentally ill.

The exact question before us was decided adversely to the contention of the present defendants in *Commonwealth* v. *Medeiros*, 354 Mass. 193, 200 (1968), in which the defendant Bernier was represented by the same counsel who represents the defendants in the cases at bar. We see no reason for departing from that decision. The cases cited by the defendants do not support their argument. In fact, some of them are in accord with the *Medeiros* case. *Naples* v. *United States*, 307 F. 2d 618, 624 (Ct. App. D. C.) *Perry* v. *United States*, 347 F. 2d 813, 816 (Ct. App. D. C.).

We are confining our decision to the precise question presented. The motions were rightly denied.

*Exceptions overruled.*