The defendant was indicted and convicted for the first degree robbery of Arthur Lecroix, Jr., in violation of Section13A-8-41, Code of Alabama 1975. Sentence was fifty years' imprisonment. Five issues are argued on appeal.
 I
The defendant's motion to quash the indictment was properly denied. In relevant portion, the indictment charged that the defendant:
 "did commit robbery first degree in that she did in the course of committing a theft of one (1) man's yellow gold Kentucky cluster ring, of the value of $1,000.00, the property of Arthur Lecroix, Jr., use force against the person of Arthur Lecroix, Jr., with intent to overcome his physical resistance or physical power of resistance, and at the time cause serious physical injury to the said Arthur Lecroix, Jr., in violation of Section 13A-8-41 of the Code of Alabama."
Comparison reveals that this indictment tracks the language of the statute and is sufficient to defeat the defendant's claim of being vague and indefinite. Summers v. State,348 So.2d 1126, 1132 (Ala.Cr.App.), cert. denied, Ex parte Summers,348 So.2d 1136 (Ala. 1977), cert. denied, 434 U.S. 1070,98 S.Ct. 1253, 55 L.Ed.2d 773 (1978); Alabama Code Section 15-8-23
(1975).
The indictment was not indefinite and vague because it failed to state the date of the offense, Kelley v. State, 171 Ala. 44,55 So. 141 (1911), Williams v. State, 348 So.2d 1101
(Ala.Cr.App.), cert. denied, Ex parte Williams, 348 So.2d 1105
(Ala. 1977), Alabama Code Section 15-8-30 (1975), or the place or address where the offense was committed, Kimbell v. State,165 Ala. 118, 51 So. 16 (1909); Harris v. State, 44 Ala. App. 449, 212 So.2d 695, cert. denied, 282 Ala. 726, 212 So.2d 704
(1968); Alabama Code Section 15-8-31 (1975).
The indictment was not insufficient because it failed to state what force was used or the means of perpetrating the crime. The general rule is stated in 77 C.J.S. Robbery, *Page 1170 
Section 40 (1952): "Except as the matter may be material to the degree or classification of the offense, . . . the indictment or information need not allege the kind or manner of force used, or the degree of force employed, or the nature of the fear aroused, or the means by which the victim was intimidated."
 II
The defendant's motion for a change of venue based on pretrial publicity was properly denied. In order to establish impermissible juror partiality before trial, the defendant must show that the publicity either prejudiced an individual juror or caused pervasive hostility within the community. Murphy v.Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975).
 "In order for the defendant to be successful in his attempt to change the venue, it is necessary for him to show that because of the pretrial publicity, there is such a feeling of prejudice and bias against him in the community where he is to be tried that his right to obtain a fair and impartial trial has been put in jeopardy. That pretrial publicity, whether of a routine nature or even of a more inflammatory nature, has been disseminated through the community scheduled for defendant's trial, has generally been recognized as not constituting a sufficient basis in itself for granting the defendant's motion, some proof or evidence of community ill will toward the defendant seemingly being required to be exhibited." Annot. 33 A.L.R.3d 17, 33 (1970).
Generally, newspaper articles in themselves are an insufficient basis on which to grant a motion for a change of venue.Anderson v. State, 362 So.2d 1296, 1299-1300 (Ala.Cr.App. 1978). Here, the defendant failed to sustain her burden of proof. McLaren v. State, 353 So.2d 24 (Ala.Cr.App.), cert. denied, Ex parte McLaren, 353 So.2d 35 (Ala. 1977).
Since the granting or denial of a motion for change of venue in a criminal case is a matter within the sound discretion of the trial judge, this Court will reverse the trial court's ruling only where an abuse of discretion plainly appears.Cobern v. State, 273 Ala. 547, 551, 142 So.2d 869 (1962);Botsford v. State, 54 Ala. App. 482, 489, 309 So.2d 835 (1974), cert. denied, 293 Ala. 745, 309 So.2d 844 (1975).
 III
The defendant argues that the State did not prove the elements of first degree robbery because there is no direct evidence to show that a theft was committed and because there is no evidence to show that any force was threatened or used against the victim. Our review of the record shows that both of these elements were proved through circumstantial evidence. Circumstantial evidence may afford satisfactory proof of the corpus delicti, and, if facts are presented from which a jury may reasonably infer that a crime has been committed, the question of the defendant's guilt or innocence must be submitted to the jury. Andrews v. State, 406 So.2d 1041, 1043
(Ala.Cr.App.), cert. denied, Ex parte Andrews, 406 So.2d 1045
(Ala. 1981); McCloud v. State, 401 So.2d 314, 319 (Ala.Cr.App. 1981). The offense of robbery may be proved by circumstantial as well as direct evidence. Baker v. State, 344 So.2d 547, 549
(Ala.Cr.App. 1977).
The evidence presented by the State revealed that the defendant and Bruce Carroll, her husband, were at a party in Decatur on the evening of December 9, 1981. Arthur D. Lecroix was also present and was wearing a gold Kentucky Colonial diamond ring worth $1600. The party started at the townhouse of Dwight Green but later moved next door to Lecroix's townhouse. At approximately 9:00 that evening the defendant asked Green, "Is it all right if I pull Dee for his ring?" Green testified that he did not know what "pull" meant but "knew it was something to do with getting the ring." Green told the defendant that it was not all right because Lecroix was a good friend. The defendant told her husband, "Dwight said no." Carroll then looked at Green and said, "Well, reckon we can get *Page 1171 
him in a crap (or dice) game." The defendant then said, "he won't remember a thing."
Mr. Lecroix's body was found the next day in an isolated area approximately two and one-half miles from his residence. There was evidence that he had been beaten. The ring was not found and his wallet was located a short distance from the body. An autopsy revealed traces of the drug scopolamine which causes amnesia, disorientation, drowsiness and hallucinations.
Without detailing further testimony, the State proved that the defendant and her husband were seen with Lecroix approximately one hour before he was discovered missing. On November 28, 1981, ten days before this robbery, the defendant and her husband had been arrested in Huntland, Tennessee. An inventory search of the defendant's purse disclosed a bottle bearing the name of her husband and containing scopolamine. Four additional bottles of the drug were found in the trunk of the Cadillac she was supposedly going to purchase. None of the bottles had a prescription label.
The State presented evidence that on December 14, 1981, four days after the robbery, the defendant and her husband robbed Alan Smith in Marietta, Georgia, by drugging him and then taking his personal property. On December 18, 1981, a medicine bottle containing a residue of scopolamine was found in the Oldsmobile the defendant was attempting to purchase and which she had been driving.
Although the evidence of the defendant's involvement in the Lecroix robbery is entirely circumstantial, it is highly incriminating and sufficient to sustain the verdict. Dolvin v.State, 391 So.2d 133 (Ala. 1980); Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979);Tooson v. State, 56 Ala. App. 613, 324 So.2d 327, cert. denied,295 Ala. 426, 324 So.2d 333 (1975).
The circumstantial evidence clearly justifies a reasonable inference that a theft was committed and that force or violence was used against the victim in the commission of the robbery.
 IV
The testimony of the defendant's arrest in Tennessee and the resulting discovery of scopolamine in her possession ten days before the charged robbery was properly admitted into evidence. The trial judge gave limiting instructions on the consideration the jury should give this testimony.
Just as it is competent in a homicide prosecution to prove that the accused had a pistol prior to the killing, Rollings v.State, 160 Ala. 82, 49 So. 329 (1909); Payne v. State, 261 Ala. 397, 74 So.2d 630 (1954); Ezzell v. State, 13 Ala. App. 156,68 So. 578 (1915), here it was competent to prove that shortly before the robbery she was in possession of a drug allegedly used to subdue the robbery victim. "Antecedent circumstances tending to shed light on the criminal transaction or elucidate facts or show preparation to commit the crime are admissible in evidence." Pope v. State, 365 So.2d 369, 373 (Ala.Cr.App. 1978). "In prosecutions for robbery evidence is admissible to show that the accused owned, possessed, or had access to tools, implements, or other articles with which the robbery was or might have been committed." 77 C.J.S. Robbery, Section 46 (e)(4) (1952).
 V
The robbery of Alan Smith in Marietta, Georgia, was clearly admissible to show the identity of the charged offense. C. Gamble, McElroy's Alabama Evidence, Section 70.01 (24)(c) (3rd ed. 1977). At trial, defense counsel recognized this fact: "I have to concede that the incident alleged over in Georgia was (a) similar alleged incident." We note that although the evidence of the defendant's involvement in the robbery of Alan Smith was initially introduced through the hearsay testimony of an investigating law enforcement officer, Smith himself testified to the incident and positively identified the defendant, thus curing any error. "The admission of incompetent evidence is harmless error, where the fact to which such evidence relates is otherwise *Page 1172 
established by competent evidence." Chambers v. State,400 So.2d 436, 438 (Ala.Cr.App. 1981); Henson v. State,407 So.2d 590 (Ala.Cr.App. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.