Maurice Dale Lytle was indicted and convicted for the murder of Gwendolyn Carter Johnson in violation of Alabama Code §13A-6-2 (1975) and sentenced to life imprisonment. He claims he was incompetent to stand trial and argues that the court erred by finding no "reasonable ground to doubt his sanity" under Alabama Code § 15-16-21 (1975).
Pursuant to Lytle's pretrial Motion for Sanity Investigation, the trial court ordered that he be evaluated by the Calhoun-Cleburne Mental Health Center in Anniston, Alabama. Approximately six weeks before his trial, Lytle was examined by Dr. Wallace H. Wilkerson, a psychiatrist, and Dr. Robert Summerlin, a clinical psychologist, both of whom determined there was "no doubt [Lytle] understands the charges against him and that he is perfectly capable of assisting his attorney in his own defense. . . . [T]his prisoner is completely competent to stand trial."
Immediately prior to trial, Lytle accused his appointed attorney of conspiring to convict him and asked the court to appoint another lawyer for him. Then, in response to a defense request that the trial judge hold a pretrial hearing on Lytle's competency, the court heard further testimony from Dr. Wilkerson and received in evidence Lytle's medical records for the preceding ten years. Dr. Wilkerson stated that he had seen Lytle some six weeks earlier for one hour and had reviewed Lytle's medical records from the State of Illinois. Those records indicated that during the period 1967-77, Lytle had received the following seven medical diagnoses: schizophrenia, chronic undifferentiated type; schizophrenia, paranoid type; schizophrenia, simple type; schizophrenia, hebephrenic type; antisocial personality disorder; paranoid personality disorder; neurotic disorder — anxiety reactionable.
Replying to hypothetical questions from defense counsel, Dr. Wilkerson testified that, if Lytle had accused his attorney of conspiring against him, had heard voices and talked to the walls in his jail cell, and had been confused about the criminal proceedings pending against him, these facts would be "significant" and would prompt him to observe Lytle further in a residential facility. On the other hand, Dr. Wilkerson observed the following: "These people can fool you. They know the name of the game. They know all the ins and outs. And the business about being arraigned and whatever, they're con-artists. That's just the simplest way I can put it." The physician concluded that, although he had found Lytle competent to stand trial six weeks earlier, he "couldn't say with any sense of security as to what [Lytle's] mental status is today."
In response to the State's question on cross examination of whether Lytle's alleged hallucinations and disorientation could "be consistent with someone who is manipulating or attempting to beat the system", Dr. Wilkerson answered, "Yes, sir, very much so. Because they know how to do it." Finally, Dr. Wilkerson testified in response to the following question by the court:
 "Q. And I think your testimony has been that one could, in fact, possibly to a *Page 1344 
great extent have done these things which [defense counsel] has brought up in his hypotheticals, and still be competent to stand trial?
"A. Yes, sir. And know full well what he was doing."
The defense then called Deputy Robert Raxter, the Calhoun County jailer, and Mrs. Jessie Lytle, the defendant's mother. Raxter testified that Lytle had been disoriented about the date of his arraignment and had talked to nonexistent people. Mrs. Lytle recounted that her son had talked to walls on several occasions and had recently warned her that a "group" or "gang" was coming to get her. Following arguments of counsel, the court found Lytle competent to stand trial.
The standard of appellate review for a ruling that there are no reasonable grounds to doubt the accused's sanity is whether the trial judge abused his discretion. Miles v. State,408 So.2d 158, 162 (Ala.Crim.App. 1981), cert. denied,408 So.2d 163 (Ala. 1982). The trial court's order is an abuse of discretion if "(1) arbitrary or (2) unsupported by evidence or human reasoning." Minniefield v. State, 47 Ala. App. 699, 704,260 So.2d 607, 612 (1972).
In the case before us, the court's order was neither arbitrary nor unsupported by the evidence. While the court had before it evidence of Lytle's past mental diagnoses and current erratic behavior, it also had before it the expert opinion of Dr. Wilkerson that Lytle was competent to stand trial, and may well have been a "con-artist" trying to "beat the system" by attempting to appear insane. The evidence here was much less compelling than that in Bailey v. State, 421 So.2d 1364
(Ala.Crim.App. 1982), where we concluded that there was no abuse of discretion in the denial of a motion for a mental examination. We agree with the Alabama Supreme Court's observation in Pace v. State, 284 Ala. 585, 588, 226 So.2d 645,647 (1969):
 "The trial court held a hearing, listened to the witnesses and made a decision. It might have decided either way on the question of whether the hearing produced any real evidence of legal insanity or legal incompetence. Its decision was not arbitrary or unsupported by reason or fact. We conclude that the trial court did not abuse its discretion."
The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.