Appellant William Campbell was convicted by a Colbert County jury of robbery in the first degree and was sentenced to life imprisonment without parole. The facts in this case are worth reciting.
Two Muscle Shoals police officers on routine patrol observed a peculiarly dressed man in the parking lot of a convenience store. They pulled into the lot and continued to observe the man, who, although it was a warm night, had on coveralls and a toboggan cap. As they watched, he pulled the toboggan cap down over his face as a mask and entered the store. He pointed a shiny object in his hand, which appeared to be a gun, at the clerk. The man then took money from the cash register and placed it in his pocket, went to the back of the store and returned seconds later with another store employee. The two of them stooped behind the counter and the man came up with what appeared to be money bags. Both employees then lay down on the floor, but one of them jumped up and ran out the door. At this point another police car arrived on the scene and its headlights drew the attention of the man. As he ran to the back of the store, the other employee ran out the front door. Officer Nesbitt, using a loud speaker, told the man to throw his gun down and lie down on the floor. They observed him to run to the potato chip rack on the second aisle and then come back to the front of the store and lie down on the floor. They entered, handcuffed him, and told him he was under arrest. The gun was retrieved from the potato chip rack. The robbery had occurred within their clear view through the plate glass window of the store. The reason for getting the second employee from the back was to have her open the safe, from which two money bags were removed.
 I
Appellant contends first that the trial court committed reversible error in not ordering a psychiatric examination for him before trial. The applicable Alabama statute, § 15-16-21, Code of Alabama 1975, provides as follows:
 "If any person charged with any felony is held in confinement under indictment and the Trial Court shall have reasonable ground to doubt his sanity, the trial of such person for such offense shall be suspended until the jury shall inquire into the fact of such sanity, such jury to be impaneled from the regular jurors in attendance for the week or from a special venire, as the Court may direct. If the jury shall find the accused sane at the time of its verdict, it shall make no other inquiry, and the trial in chief shall proceed. If it finds that he is insane at that time, the Court shall make an order committing him to the Alabama State Hospitals, where he must remain until he is restored to his right mind. When the Superintendent of the hospital shall be of the opinion that such person is so restored, he shall forthwith, in writing, inform *Page 1170 
the judge and sheriff of such Court of the fact, whereupon such person must be remanded to the jail on an order of such judge and the criminal proceedings resumed. In no event shall such a person be set at large so long as such prosecution is pending or so long as he continues to be insane."
In Whorton v. State, 422 So.2d 812 (Ala.Cr.App. 1982), this court stated:
 "Moreover, in the absence of any evidence, the mere allegations by counsel that the accused is incompetent to stand trial do not establish `reasonable fround to doubt [defendant's] sanity' which would warrant an inquiry into his competency."
We held in Livingston v. State, 419 So.2d 270 (Ala.Cr.App. 1982), that the determination of whether a reasonable doubt of sanity exists is a matter within the sound discretion of the trial court and may be raised on appeal only upon a showing of an abuse of discretion. The court remembered Campbell from an earlier lengthy trial and recalled that Campbell was "perfectly capable at that time in assisting his counsel." The judge further stated that it was his understanding that Campbell had been in federal custody ever since that prior trial.
The United States Supreme Court in Ake v. Oklahoma, ___ U.S. ___, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), addressed the issue of when constitutional due process requires that a trial court provide a psychiatric examination to an accused. The Court held that when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the constitution requires a state to provide access to a psychiatrist's assistance on this issue if the accused cannot afford one, as a matter of fundamental fairness.
From the record we find nothing to indicate that the defendant was insane or might be insane other than the statements of his counsel, and many of these statements related to past drug use. The facts of this case do not fit the Ake v.Oklahoma rule. The court did not err in not ordering a psychiatric examination.
 II
Counsel for the appellant moved for a continuance upon the assertion that his client was taking medications. The attorney for the state advised the court it was his understanding that Campbell was taking Elavil so that he might sleep at night, and Benadryl during the daytime. The state opposed the motion in the absence of any medical testimony to the effect that taking these medications would "in some manner cause problems for the defendant." We have held in many cases that granting or denying a motion for continuance is within the discretion of the trial court. Clayton v. State, 45 Ala. App. 127, 226 So.2d 671 (1969). No abuse of that discretion has been shown by the record.
 III
Appellant next contends that the court erred when it permitted the jury to see him restrained in shackles. There is little doubt that the appellant here had substantial reason to attempt to escape, since he faced a sentence of life without parole, considering his five previous bank robbery convictions and the charges against him in this case. The court acknowledged that he was a "great security risk." We held inMartin v. State, 51 Ala. App. 405, 286 So.2d 80 (1973), that no abuse of discretion resulted from the court's causing the accused to be handcuffed during his trial. Similarly, we find in this case there was no abuse of discretion.
 IV
The appellant finally contends that the court erred in refusing to give certain of his written requested charges which related to lesser included offenses. Section 13A-1-9 (b), Code of Alabama 1975, directs that the trial court ". . . shall not
charge the jury with respect to an included offense unless there is a rational basis for a verdict *Page 1171 
convicting the defendant of the included offense." (Emphasis supplied.) The trial court determined that the facts in this case did not justify a charge on robbery in the third degree or a charge on menacing. In this, we believe the trial court was correct. Harvest v. State, 342 So.2d 1369 (Ala.Cr.App. 1977).
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.