Alphonzo Isom was convicted for robbery in the first degree and sentenced to twenty years' imprisonment. On appeal he argues that the trial court erred in denying his motion for a psychiatric evaluation at the State's expense.
The defendant pled not guilty and not guilty by reason of insanity to the indictment. On June 7, 1984, the Competency Evaluation Board at Taylor Hardin Secure Medical Facility found the defendant "competent for trial."
On July 23, 1984, defense counsel filed a "motion for appointment of named psychiatrist or psychologist to examine defendant at county expense." This motion specifically requested "that an order be granted directing the employment of Norman G. Poythress, Jr., Ph.D., psychologist, to assist the Defendant at the expense of the county." This request was denied. The record does not reflect that "[a] further oral motion was made before trial, before the Honorable William Cole for the appointment of the psychiatrist, which was denied," as stated in the Appellant's Brief, p. 19.
At trial, the defendant presented evidence that he was insane at the time of the robbery and also evidence of alibi. In Akev. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53
(1985), the Supreme Court of the United States held that "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one."
 "We therefore hold that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist *Page 13 
who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense. This is not to say, of course, that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. Our concern is that the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and as in the case of the provision of counsel we leave to the State the decision on how to implement this right." Ake, 470 U.S. at ___, 105 S.Ct. at 1097, 84 L.Ed.2d 53.
Even under Ake, the defendant's motion was properly denied, as the indigent defendant does not have a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. 470 U.S. at ___, 105 S.Ct. at 1097,84 L.Ed.2d 53. See also Clark v. State, 467 So.2d 699, 702 (Fla. 1985); Tuggle v. Commonwealth, 230 Va. 99, 334 S.E.2d 838, 843
(1985); Commonwealth v. Erickson, 356 Mass. 63, 248 N.E.2d 270
(1969).
Although Alabama "currently make[s] psychiatric assistance available to indigent defendants," Ake, 470 U.S. at ___, n. 4,105 S.Ct. at 1094, n. 4, 84 L.Ed.2d 53, the defendant did not request relief under or pursuant to Alabama Code 1975, §15-12-21. In Bailey v. State, 421 So.2d 1364, 1367 (Ala.Cr.App. 1982), this Court noted that § 15-12-21 "would allow a maximum of $500.00 for expert testimony, or, as in this case, psychiatric examination." See also Ex parte Grayson,479 So.2d 76 (Ala. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 189,88 L.Ed.2d 157 (1985) ("The only time a defendant, whether indigent or not, has the right to have an independent expert examine physical evidence is when such evidence is (1) `critical' and (2) subject to varying expert opinions.").
Finally, it is to be noted that Ake does not reach noncapital cases. Ake, 470 U.S. at ___, 105 S.Ct. at 1099, 84 L.Ed.2d 53
(Burger, C.J., concurring).
For these reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.