Clarence Holmes was indicted for burglary in the second degree for violation of § 13A-7-6, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and he was sentenced to life imprisonment in the penitentiary as a habitual felony offender.
Jesse Gandy testified that he and his wife were asleep at their home in Birmingham, Alabama during the early morning hours of September 6, 1983. At some point, Gandy woke up and noticed a light turned on in the house. He looked out of the bedroom door and saw the appellant in the kitchen going through some billfolds and papers. When Gandy yelled at the appellant, he ran out of the back door.
Gandy testified that he found the billfolds on the sink and that he usually kept them in the china closet and chest of drawers in the dining room. Nothing was missing from his house.
Gandy noticed that the screen to a window had been removed. The window had not been locked and it was raised because of the hot weather. Gandy stated he recognized the appellant because he had done some work for Gandy at his home. He reported the burglary to the police after he found out this appellant's name.
 I
Prior to trial, defense counsel filed a motion for psychiatric evaluation with the court to determine the appellant's competency to stand trial. The trial judge granted the motion and the appellant was examined by a competent psychiatrist who found him to be competent to stand trial.
Defense counsel then filed a request for approval of funds for a private psychiatrist *Page 1151 
to further evaluate the appellant to determine his sanity at the time of this offense.
This motion was denied by the trial court. The appellant now contends his constitutional rights were violated by the trial court's actions as noted.
First of all, an indigent defendant is not entitled to funds to hire a private psychiatrist. Ake v. Oklahoma, 470 U.S. 68,105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); Isom v. State,488 So.2d 12, (Ala.Crim.App. 1986); Magwood v. State, 426 So.2d 918
(Ala.Crim.App. 1982), affirmed, 426 So.2d 929 (Ala. 1983).
Secondly, the United States Supreme Court in Ake, supra, held that "when a defendant has made a preliminary showing that hissanity at the time of the offense is likely to be a significantfactor at trial, the United States Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one." Ake, supra, 105 S.Ct. at 1092. (Emphasis added).
Thus, an accused must make a preliminary showing that his sanity at the time of the offense is questionable before he is entitled to psychiatric assistance on this issue.
A lengthy discussion was held before the court on this matter before trial and at the hearing on the appellant's motion for new trial. At these hearings, defense counsel informed the trial judge that a friend of the appellant's had told him that the appellant was mentally retarded and could not understand "what was going on." Although the trial judge noted that the psychiatrist's evaluation of the appellant indicated "borderline intelligence", he did not accept the fact that this conclusion meant the appellant was mentally retarded or insane. Indeed, many appellants before this court with "borderline intelligence" have been found to be sane and competent to stand trial.
Defense counsel also brought up the fact that the appellant failed the written examination for the draft. We believe the trial judge's comments on this point to be relevant.
 "THE COURT: I believe at one time that there was a fellow and he used the name of Cassius Clay at that time, also failed to pass that exam and I have no question that Mr. Ali, at this time, has no problem mentally." (R. 117)
The evidence presented by defense counsel was not a sufficient showing as to compel a psychiatric evaluation into the appellant's sanity. The appellant has failed to meet his burden in this regard.
The "determination of whether a reasonable doubt of sanity exists is a matter within the sound discretion of the trial court . . ." Campbell v. State, 484 So.2d 1168 (Ala.Crim.App. 1985), cert. denied, 484 So.2d 1168 (Ala. 1986).
We do not find the trial judge abused his discretion in this instance. The psychiatric evaluation indicated that the appellant did not appear to have a psychiatric disorder and he had no history of psychiatric treatment. Thus, the trial judge correctly denied the appellant's request for private funds to further evaluate the appellant on the issue of his sanity vel non.
Lastly, we must note that Ake, supra, is not applicable to non-capital cases. Isom, supra.
 II
The appellant contends the indictment in this case does not contain enough information to inform him of the charge against him. The indictment in pertinent part charges that the appellant ". . . did, knowingly, enter or remain unlawfully in a lawfully occupied dwelling house of Jessie J. Gandy with intent to commit a theft or a felony therein, to-wit: theft in violation of Section 13A-7-6 of the Alabama Criminal Code." (R. 133).
The language of the indictment tracks the language of §13A-7-6 (b), Code of Alabama 1975.
 "The general rule in Alabama is that it is sufficient to charge the elements of the *Page 1152 
statutory offense in the words of the statute. Gayden v. State, 262 Ala. 468, 80 So.2d 501 (1955).
 "The only qualification to this rule is that the indictment must apprise the accused with reasonable certainty of the nature of the accusation against him, so that he may prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense. United States v. Simmons, 96 U.S. 360, [6 Otto 360] 24 L.Ed. 819
(1877)."
Wilder v. State, 401 So.2d 151, 160 (Ala.Crim.App.), cert. denied, 401 So.2d 167 (Ala. 1981).
The indictment in this case clearly apprises the appellant of the nature of the accusation against him. The fact that the date and time of the offense are not alleged does not make this indictment void. It is unnecessary to allege the date and time of an offense unless the date and time are material ingredients of an offense. Carroll v. State, 440 So.2d 1168
(Ala.Crim.App.), cert. denied, 440 So.2d 1168 (Ala. 1983);Kelley v. State, 409 So.2d 909 (Ala.Crim.App. 1981), cert. denied, 409 So.2d 909 (Ala. 1982).
Such is not the case here. The indictment was sufficient in law in this instance.
 III
Prior to trial, the following colloquy took place between the trial court and the appellant.
 "THE COURT: All right, before we get started with the jury, Mr. Holmes, prior to us getting started the offer was made in this case that the State would offer fifteen years which would be concurrent with the sentence that you've already received on the other case which was tried in this court recently. In discussing this with your attorney, and he says that he has explained it to you and that you wish to go forward with the trial. Now, do you understand that if you're convicted on this case here that the only sentence that I can give you is life in the penitentiary which will be in addition to the sentence that you've already received. Do you understand that?
 "Now, the offer was made that if you plead on this case that the sentence would be fifteen years which would be concurrent which would not add any additional time to that sentence that you're already serving. Now, Mr. Quick has said that he has gone over this with you and that you wish to go ahead with the trial in this case and stand on your plea of not guilty. Is that correct?
"DEFENDANT: Yes, sir.
 "THE COURT: All right, we'll go forward with the trial then." (R. 15-16).
After the trial in this case, the trial court sentenced the appellant to life imprisonment. This sentence was to run consecutively with another of the appellant's convictions. The appellant now asserts that he was punished by exercising his right to a trial by jury because the trial court denied his request to run the sentence in this case concurrently with his other conviction. This contention is without merit.
The trial court fully warned the appellant that, in the event of his conviction, the only sentence the trial court could give is "life in the penitentiary which will be in addition to thesentence that you've already received." (R. 15-16). (Emphasis added).
After the appellant elected to go to trial and was convicted, the trial court imposed the life sentence according to the provisions of the Habitual Felony Offender Act. The trial court had no discretion in this matter. Watson v. State,392 So.2d 1274 (Ala.Crim.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981),
The decision whether a sentence is to run consecutively or concurrently with another sentence is within the sound discretion of the trial judge. Brown v. State, 367 So.2d 557
(Ala.Crim.App.), cert. denied, 367 So.2d 559 (Ala. 1979). We find no abuse of that discretion in this instance.
The appellant was fully aware of the possible consequence of proceeding to trial on this charge. He elected to do so *Page 1153 
"with his eyes wide open." No error occurred here.
 IV
The appellant challenges the sufficiency of the evidence. The elements of the offense with which the appellant was charged are: (1) the unlawful entry (2) into a lawfully occupied dwelling house (3) with the intent to commit a theft or a felony therein.
Gandy testified that he actually saw the appellant in his house going through some billfolds and papers on the morning of September 6, 1983. Gandy and his wife were living in the house at the time. The appellant was not given permission to be inside the house at this time.
The appellant's intent to commit a theft could be inferred from the appellant's unexplained presence in Gandy's home.Cliatt v. State, 348 So.2d 509 (Ala.Crim.App. 1977). Furthermore, the appellant was seen going through some billfolds and only stopped when he became aware of Gandy's presence. A completed theft is unnecessary to sustain a conviction for burglary in the second degree. Houston v. State,56 Ala. App. 295, 321 So.2d 261 (1975).
There was sufficient evidence presented by the State to sustain the appellant's conviction.
 V
Any objections of this appellant to the trial court's oral charge to the jury have not been properly preserved for our review. Defense counsel announced he was "satisfied" with the court's oral charge and did not point out any objections to the court's charge on the grounds thereon. Therefore, there is nothing before this court to review on this issue. Allen v.State, 414 So.2d 989 (Ala.Crim.App. 1981), affirmed414 So.2d 993 (Ala. 1982). Rule 14, Alabama Temporary Rules of Criminal Procedure.
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.