Sonny Arthur Wisdom was convicted of first degree burglary, first degree assault, and attempted sodomy in the first degree. He was sentenced as a habitual offender to consecutive terms of imprisonment for life without parole and two terms of life imprisonment. Three issues are raised on appeal.
 I
Wisdom contends that the admission into evidence and the subsequent withdrawal from the evidence of a forensic evaluation report of his competency and sanity constitutes error.
This crime involves the nighttime burglary of an apartment and the sexual attack on the resident. The defense was insanity.
At trial, Beverly Bell, a psychologist at the Taylor Hardin Secure Medical Facility in Tuscaloosa, testified to the effect that Wisdom was not insane and was competent to stand trial. Over defense counsel's objection on the ground that it contained hearsay, the trial court admitted into evidence a copy of a forensic evaluation report on Wisdom. Prior to trial, copies of this report had been sent to the trial court, the district attorney, and the defense counsel.
The report contained the findings and opinions of Ms. Bell, who interviewed Wisdom at the hospital and who prepared the report. The report also contained the findings and conclusions of a psychiatrist at the Secure Medical Facility based upon his interviews with Wisdom. That part of the report should not have been admitted into evidence because it contained hearsay information. A psychologist's testimony concerning the results of psychological tests given to the accused by another constitutes hearsay. Brackin v. State, 417 So.2d 602, 605-06
(Ala.Cr.App. 1982). See also Shorts v. State, 412 So.2d 830,836 (Ala.Cr.App. 1981). The fact that the hearsay evidence is contained in medical records or reports does not change its objectionable character. Lowery v. State, 55 Ala. App. 514,518-19, 317 So.2d 365, cert. denied, 294 Ala. 763,317 So.2d 372 (1975). Although objections were made to the admission of the report, and should have been sustained, those objections were waived.
On direct examination, Ms. Bell testified about Williams' competency and sanity based upon her examination of him. On cross-examination, defense counsel elicited the hearsay information from the psychiatrist contained in the report. That information was, essentially, that the psychiatrist had diagnosed Williams as suffering from "alcohol abuse, adult anti-social behavior, and mixed personality disorder." Ms. Bell later testified that this "diagnosis was rendered by the psychiatrist, and I'm not able to say what he based that diagnosis on."
At the conclusion of Ms. Bell's testimony, the trial court allowed the State to withdraw the report finding that "[i]t has been offered and allowed to be introduced, but the Court finds that it has not been published to the jury at any time." Defense counsel objected and the court took the matter under advisement.
Then, after both sides had rested their cases, defense counsel renewed his objection to the report, and the following occurred:
 "MR. BROOME [Defense Counsel]: Your Honor, at this point I would like to renew my objection to it again. That exhibit of Ms. Bell's report even contains several conclusions of law. She even states the law in the report. Not only is there hearsay —
 "THE COURT: Wait, now. You're objecting to what now, to it being introduced?
 "MR. BROOME: Yes, sir. After reading back over it this morning, I was going to consent to them withdrawing it, but I understand this morning they still want to offer it.
 "THE COURT: If there is no objection to withdrawing it, that may be a different question. What says the state?
 "MR. FIELD [District Attorney]: Judge, we don't have any objection to whiting out that portion of her report which is on *Page 732 
the last page, the first paragraph on page 5, where the sentence reads, 'It should be noted that voluntary intoxication is excluded as a basis for an insanity defense.' I don't have any problems with just whiting that out.
 "THE COURT: Is that your main objection or additional objection?
 "MR. BROOME: Judge, the main objection is that it contains blatant hearsay and what Dr. Nagy's diagnosis was. I went back and reviewed the questions that I asked Ms. Bell regarding his testimony. I don't believe I ever actually asked her what he said. I think I asked her what his diagnoses were.
 "THE COURT: So, you're agreeing that it should be withdrawn or you have no objection to it?
"MR. BROOME: No, sir.
 "THE COURT: Do you want to renew your motion to withdraw it?
 "Where we stand, yesterday I first allowed it to be withdrawn, and then I changed that ruling. That's where we stand. At this point, it's in.
 "MR. BROOME: Judge, my main objection yesterday were questions that I asked regarding the report that I would not have asked if Your Honor had not let into evidence, but after looking back over the notes, I don't think the answers that were elicited were really hearsay from the lady other than what she said the ultimate diagnosis was.
 "THE COURT: Are you withdrawing your objection as raised yesterday after having reviewed your questions, that you asked certain questions that you would not have asked had it not been allowed to be introduced?
"MR. BROOME: Yes, sir.
 "THE COURT: All right. If you're going to withdraw your objections as stated yesterday, both objections, one, to the introduction and because you had asked certain questions based on material that was contained in it and the witness had been excused, and this morning you're telling the Court that you are withdrawing those objections, then, I will allow the state, if they so move, to withdraw Exhibit 13A from the offer into evidence.
 "MR. FIELD: Your Honor, it's our understanding that if the defendant consents to withdraw that exhibit, if that's the case, the state so moves.
 "THE COURT: The motion is granted, and it will not be introduced as an exhibit.
"(State's Exhibit Number 13A was withdrawn.)
 "MR. BROOME: Your Honor, in your instructions to the jury — I feel like they'll ask if they're missing an exhibit or something — I wonder whether Your Honor should make some instruction that upon further review or arguments of the attorneys or something, the exhibit was withdrawn. I think they're going to have questions as to why that report is not there since they were told yesterday they could get it.
 "THE COURT: It was allowed to be introduced, but it was never published. Do you want me to state to them that by agreement the exhibit will not be introduced?
"MR. FIELD: That suits me all right.
 "MR. BROOME: It will probably eliminate a question that will come back."
It is obvious from this exchange that defense counsel expressly waived any and all objections to the introduction and withdrawal of the report. By specifically assenting to the proceedings through his counsel, Wisdom cannot now be heard to complain.
 II
Wisdom argues that there exists a fatal variance between the pleading and the proof. The indictment charged a burglary involving the intent to commit rape. Wisdom contends that because the jury acquitted him of the attempted rape charged in count four of the indictment the State failed to prove that the burglary was committed by the same means charged in the indictment.
The evidence shows that around 2:00 on the morning of August 3, 1986, Wisdom broke through a glass door into the victim's *Page 733 
apartment. The sixty-eight-year-old victim struggled with Wisdom in her kitchen and Wisdom, with "his penis out" of his pants, tried to get her into the bedroom. The victim testified without objection, "I figured if he got me in my bedroom, he would rape me. I was sure that he would." Before Wisdom could drag the victim into the bedroom, the police arrived and subdued and captured him inside the apartment.
Despite the victim's testimony that Wisdom only tried to put his penis in her mouth and never tried to put it anywhere else, the victim's own testimony affords a sufficient basis upon which to predicate a prima facie case of unlawfully entering with the intent to commit rape. Richardson v. State,456 So.2d 1152, 1154 (Ala.Cr.App. 1984). It was not required that the intended rape have been consummated or that the State prove a completed crime of rape. Rowell v. State, 447 So.2d 193, 196
(Ala.Cr.App. 1983), cert. quashed, Ex parte Rowell,447 So.2d 196 (Ala. 1984).
 III
Wisdom contends that the trial court erred in denying his motions for psychiatric examination. We disagree.
Wisdom was arraigned on September 2, 1986. At that time, defense counsel indicated he would file a motion for a determination of Wisdom's mental competency. On September 25, 1986, the case was set for trial for the week of October 6th. At that time, defense counsel indicated that he still intended to file a motion for mental examination. On September 30th, no motion had been filed, so the State, to prevent any unreasonable delay, filed a motion seeking a determination of Wisdom's competency to stand trial and sanity at the time of the crime. That motion was granted that same date.
Thereafter, on October 1, 1986, defense counsel filed a "motion for psychiatric examination, insanity evaluation and/or competency evaluation." On December 8th, defense counsel filed a "motion for psychiatric examination, insanity evaluation and/or competency evaluation and motion for funds to hire private psychiatrist to perform psychiatric examination, insanity evaluation and/or competency evaluation."
Immediately before trial on December 11, 1986, defense counsel brought to the trial court's attention the fact that there had been no ruling on his motions. Then the following exchange occurred:
 "MR. BROOME [Defense Counsel]: Mr. Wisdom has asked that I ask the Court to continue the case in order to rule on my motion to see if the Court would provide me with funds and allow him the opportunity to be examined by a private psychologist or psychiatrist. Our only defense would be a defense of insanity or mental disease or defect.
 "THE COURT: The Court notes that you filed a motion for psychiatric examination, insanity evaluation and/or competency evaluation on October 1st.
"MR. BROOME: That was the first one that I filed.
 "THE COURT: That was granted, and he has been evaluated, and a report has been returned. I believe you have a copy of that, and you said you've had it since approximately December 1st. Of course, when the defendant was arraigned, he was given a few days to file any additional motions. I believe he pled not guilty and pled not guilty by reason of mental disease or defect, and, accordingly, you filed that motion shortly thereafter. Based on that, the Court denies your motion."
The forensic evaluation report from the state-requested and court-ordered mental examination of Williams disclosed that "[t]here is no indication that he currently nor at the time of the alleged offense suffered from a major thought or affective disorder."
The trial judge did not abuse his discretion in denying the requested motion. Lytle v. State, 453 So.2d 1342, 1344
(Ala.Cr.App. 1984). "Common sense, as well as sound legal authority, dictates that the trial judge not grant a psychiatric examination at state expense unless there is some reason to believe the accused was incompetent or insane."Bailey v. State, *Page 734 421 So.2d 1364, 1367 (Ala.Cr.App. 1982). The record shows no legitimate reason why the trial judge should have ordered a second mental examination. Beauregard v. State, 372 So.2d 37, 43
(Ala.Cr.App.), cert. denied, Ex parte Beauregard, 372 So.2d 44
(Ala. 1979). Wisdom was not entitled to a private psychiatrist.Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53
(1985); Isom v. State, 488 So.2d 12 (Ala.Cr.App. 1986). Because there was no evidence presented even suggesting why the trial court should question the soundness and accuracy of the forensic evaluation report, the request for a second examination was properly denied. Holmes v. State,497 So.2d 1149, 1151 (Ala.Cr.App. 1986).
"It is within the sound discretion of the trial judge to deny a motion for continuance for the purpose of obtaining further study and evaluation of a defendant. . . . There is no obligation of the trial court to grant a continuance for the purpose of preparing an insanity defense." Carroll v. State,445 So.2d 952, 954 (Ala.Cr.App. 1983) (citation omitted).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 962