The appellant, Cecil Ray Stout, was convicted of theft of property in the first degree, in violation of § 13A-8-3, Codeof Alabama 1975, and was sentenced to life imprisonment as a habitual offender. Thirteen issues are raised on appeal. *Page 896 
The evidence presented by the State tended to show that on Tuesday, November 26, 1985, Montgomery resident Mrs. Ethel Covington was telephoned by a man who purported to be a bank examiner or law enforcement official of some sort. Mrs. Covington later identified the appellant as that man. Appellant questioned Mrs. Covington regarding her financial affairs, and then told her he was investigating Union Bank, which was her bank. Mrs. Covington, an 84-year-old widow, became very concerned about the safety of her money. The appellant told Mrs. Covington he would look into her affairs at the bank and call her back. The next day Mrs. Covington received several phone calls from the appellant. He told her that he had found the problem — a dishonest teller. The appellant then asked Mrs. Covington to assist him in apprehending the dishonest teller. Mrs. Covington readily agreed. As per appellant's instructions, she went to the bank late that afternoon and cashed a personal check for $11,000. Mrs. Covington obtained $5,000 in cash and the balance in a negotiable cashier's check, and returned home with her money. The next day was Thanksgiving and she was out of town celebrating the holiday with family and friends, and, thus, unavailable to the appellant. Back in Montgomery on Friday morning, Mrs. Covington was again contacted by appellant. Around 11:00 a.m., the appellant came to Mrs. Covington's home. He was wearing a suit and had a badge attached to the pocket of his suit jacket. She gave him an envelope containing the $5,000 in cash. They arranged to meet in her bank's parking lot approximately a half hour later, where she gave him the balance of the $11,000. According to the plan, the appellant was to go inside, deposit the money, then apprehend the dishonest teller. He would then return outside and give Mrs. Covington verification of her deposit. Mrs. Covington never saw her $11,000 again. She next saw appellant on the day of his trial.
 I
Appellant first contends that the trial court erred by conducting the suppression hearing in his absence.
Our examination of the applicable law convinces us that the court did not err in conducting the suppression hearing in the appellant's absence. In Maund v. State, 361 So.2d 1144
(Ala.Cr.App. 1978), the appellant contended that a pre-trial hearing without his presence constituted reversible error. This court rejected that contention, stating: "Pre-trial motions hearings are not viewed as a critical stage of trial, and the defendant does not have a right to be present." Id.,361 So.2d at 1148. The same determination was made in Johnson v. State,335 So.2d 663 (Ala.Cr.App.), cert. denied, 335 So.2d 678
(Ala.), cert. denied, 429 U.S. 1026, 97 S.Ct. 649,50 L.Ed.2d 629 (1976), wherein we quoted 23 C.J.S. Criminal Law § 974 (1961), in pertinent part as follows:
 " 'The trial does not embrace every procedural and administrative step and judicial examination of every issue of fact and law during the trial, and accused's presence is not necessary during proceedings which are no part of the trial, such as preliminary or formal proceedings or motions which do not affect his guilt or innocence. . . .
 " 'It has been held that accused's presence is not necessary at the hearing and determination of a demurrer to the indictment or information, of a motion to quash the same, of a plea in abatement, or of a motion for leave to file an information, or to summon witnesses, or to amend the information . . . or of other motions.
 " '. . . Thus, the exclusion of accused during conferences of court and counsel on questions of law, at the bench or in chambers, has been considered not to constitute a denial of the right of accused to be present at every stage of the trial. . . .' (Footnotes omitted.)"
Id., 335 So.2d at 671-72. The court did not err in this respect.
 II
Appellant next contends that the trial court erred in failing to suppress the victim's *Page 897 
identification of him as the perpetrator of the crime because her identification was the product of an impermissibly suggestive pretrial photographic lineup.
This court has previously held that pretrial identifications are to be set aside on grounds of prejudice only if the pretrial identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. Scott v. State, 479 So.2d 1343, 1347
(Ala.Cr.App. 1985). It is only when the pretrial procedures used are unnecessarily or impermissibly suggestive that the totality of the circumstances surrounding the out-of-court identification need be analyzed. Coleman v. State,487 So.2d 1380, 1388 (Ala.Cr.App. 1986). After examining the record, we find that the complained of out-of-court identification of the appellant by Mrs. Covington was not unnecessarily or impermissibly suggestive and, thus, did not give rise to a substantial likelihood of misidentification. Mrs. Covington picked a photograph of appellant from a photographic spread prepared by the Montgomery Police Department. No one identified the photograph of appellant to Mrs. Covington prior to the identification. Neither did anyone tell her that the photographic spread contained a photograph of the appellant. She was simply shown the photographic spread and asked if she saw the person who came to her home and took $11,000 from her. Mrs. Covington selected appellant's photograph. There is no evidence of suggestiveness in this procedure. The fact that witnesses are shown photographs does not establish suggestiveness. Matthews v. State, 401 So.2d 241, 246
(Ala.Cr.App.), cert. denied, 401 So.2d 248 (Ala. 1981).
When an in-court identification of the accused is shown to have a basis independent of any pretrial identification, then it is correctly received into evidence. Coleman v. State,supra, 487 So.2d at 1388; Jackson v. State, 414 So.2d 1014,1018 (Ala.Cr.App. 1982); Matthews v. State, supra,401 So.2d at 246. Mrs. Covington's in-court identification was correctly admitted into evidence, because it was based on a source independent of the photographic spread. She testified that her in-court identification of Stout was based on her observation of him at her home and later in the parking lot of the bank. Moreover, Mrs. Covington said that, based on her conversations with appellant in person, he was the same man who telephoned her and purported to be from her bank.
We conclude, therefore, that there is nothing in the record pertaining to the pretrial identification of appellant which was impermissibly suggestive. There was no substantial likelihood of misidentification to taint the in-court identification of Stout by Mrs. Covington. We find in the record an independent basis for the in-court identification of the appellant by Mrs. Covington. Thus, the trial court correctly denied appellant's motion to suppress.
 III
Appellant further contends that the trial court erred in denying his motion to re-open the suppression hearing. Since, however, appellant has failed to cite any authority whatsoever in support of this contention, this issue has been waived for purposes of appellate review. Vinzant v. State, 462 So.2d 1037,1039 (Ala.Cr.App. 1984). Furthermore, a decision to reopen a suppression hearing should be left to the discretion of the trial court.
 IV
Appellant next contends that the trial court erred in denying his motion for a new trial on the ground of newly discovered evidence. Specifically, he contends that his co-defendant's subsequent guilty plea and statement that he picked up part of the money from the victim warranted the granting of a new trial. The victim had testified that she dealt with only one person. In fact, the co-defendant was called to testify at appellant's trial, and he invoked his Fifth Amendment privilege against self-incrimination.
To establish the right to a new trial on the ground of newly discovered evidence, a defendant must show that the *Page 898 
evidence will probably change the result if a new trial is granted, that the evidence has been discovered since trial, that it could not have been discovered before trial by the exercise of due diligence, that the evidence is material to the issue, and, that it is not merely cumulative or impeaching.Isom v. State, 497 So.2d 208, 212 (Ala.Cr.App. 1986); Perry v.State, 455 So.2d 999, 1003 (Ala.Cr.App. 1984). Moreover, as this court stated in Robinson v. State, 389 So.2d 144, 149
(Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980).
 "Although a new trial may be granted on grounds of newly discovered evidence which tends to prove that the crime for which the accused has been convicted was actually committed by another, the awarding of a new trial 'rests in the sound discretion of the trial court, and depends largely on the credibility of the new evidence.' Prince v. State, Ala.Cr.App., 356 So.2d 750, and the cases cited therein."
See also Perry, supra, 455 So.2d at 1003; Peterson v. State,426 So.2d 494 (Ala.Cr.App. 1982).
A motion for new trial should not be granted to call a witness who refused to testify in the original trial.
 V
Two of appellant's thirteen issues raised on appeal address the trial court's denial of his motion for continuance. He argues that this constituted an abuse of discretion and resulted in a violation of his Sixth Amendment right to effective assistance of counsel because he was denied the opportunity to switch lawyers just before his trial began.
The facts in the instant case are virtually identical to those in Richardson v. State, 476 So.2d 1247, 1248-49
(Ala.Cr.App. 1985), wherein we held:
 "In general, motions for continuances in criminal cases are matters within the discretion of the trial court. King v. State, 435 So.2d 769
(Ala.Cr.App. 1983). The measure of impropriety which must be shown by an appellant to hold the court in error for denial of a motion for continuance of a criminal trial is gross abuse. The right to choose counsel is a shield and part of an accused's due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. Tate v. State, 346 So.2d 515, 521 (Ala.Cr.App. 1977).
 "Under these conditions, we have no difficulty in holding that the court did not abuse its discretion in denying the motion for continuance and proceeding to trial with appointed counsel who was already prepared to try the case.
 "Appellant was not deprived of effective assistance of counsel and it is not argued that court appointed counsel was ineffective. The court may have suspected, as did the court in United States v. Sexton, 473 F.2d 512 (5th Cir. 1973), that the motion was interposed for delay."
Moreover, it is a settled principle that the right to counsel of one's choice is not absolute. Gandy v. Alabama,569 F.2d 1318, 1323 (5th Cir. 1978). We have held that the trial court's refusal to replace appointed trial counsel was not an abuse of discretion. Cox v. State, 489 So.2d 612, 622 (Ala.Cr.App. 1985). Defense counsel in this case was the second attorney appointed to represent Stout and his case had already been continued at least once before. We hold that the trial court did not abuse its discretion in denying appellant's motion for a continuance.
 VI
Issues seven, eight, and nine in appellant's brief relate to whether the trial court erred in refusing to give appellant's requested jury charges 5, 15, 16, 17, and 20.
Requested jury charges must be considered in the light of, or in connection with, all other charges given by the trial court.Page v. State, 487 So.2d 999, 1008 (Ala.Cr.App. 1986). The trial court's refusal to give written requested charges does not constitute error when the charges are covered in the trial court's oral charge, are confusing or misleading, are inapplicable *Page 899 
or abstract, or are an incorrect statement of the applicable law. Sasser v. State, 494 So.2d 857, 860 (Ala.Cr.App. 1986);Page, supra, 487 So.2d at 1008; McDaniel v. State,446 So.2d 670, 674 (Ala.Cr.App. 1983).
Appellant's requested jury charges 5 and 15 were covered by the court's oral charge. Requested charges 16 and 17, which related to circumstantial evidence, were not applicable to the facts in evidence. Additionally, requested charge 17 was an abstract statement of the law. Finally, requested charge 20 was confusing. Therefore, the trial court did not err in refusing to give those charges.
 VII
Appellant further contends that the trial court erred in receiving into evidence a photocopy of a check. The $11,000 check was the one Mrs. Covington wrote in order to obtain the money and the cashier's check which she gave to Stout. Specifically, appellant argues that the court violated the best evidence rule by receiving the copy of the check into evidence.
Appellant was not charged with theft of this check. This check was one the victim wrote to get the money he was charged with stealing. The content of this writing was not an issue here. Only when the contents of a writing are in issue does the best evidence rule come into play. C. Gamble, McElroy's AlabamaEvidence, § 226.01(1) (3d ed. 1977). Here, how the victim got the money in the first place was incidental or collateral to the issue: whether Stout swindled Covington out of $11,000.
 "If the original writing is merely incidental and collateral to the main, or a main, issue in the case, then proof may be made of its contents without producing it or showing an excuse for nonproduction. Stated differently, the best evidence rule only requires the production, or excuse for nonproduction, of a noncollateral original writing. Dean Wigmore has suggested that the question of whether a document is collateral is one of whether it is important enough, under all the circumstances, to need production; and the judge is the one to determine this question."
McElroy's Alabama Evidence, supra, at § 226.01(2); see alsoWaters v. W.O. Wood Realty Co., 260 Ala. 527, 71 So.2d 1, 6
(1954). The trial court did not err in receiving the copy of the check into evidence.
 VIII
Appellant next argues that "the evidence to the time of the offense presented at trial varied from the evidence as to the time of the offense brought out by the State the last time before trial." The indictment returned against the appellant averred no specific time that the offense occurred. Furthermore, all of the evidence establishes that the alleged crime was committed during Thanksgiving week 1985.
The function of an indictment is to inform the accused of the crime with which he is charged, so that he may prepare a defense. Washington v. State, 448 So.2d 404, 407 (Ala. 1984),on remand, 448 So.2d 409 (Ala.Cr.App. 1984). An indictment which follows the language of the statute is sufficient to apprise the accused of the charges against him, and to allow him to prepare a defense. Copeland v. State, 455 So.2d 951, 956
(Ala.Cr.App.), cert. denied, 455 So.2d 956 (Ala. 1984). As we stated in Holmes v. State, 497 So.2d 1149, 1152 (Ala.Cr.App. 1986):
 "The indictment in this case clearly apprises the appellant of the nature of the accusation against him. The fact that the date and time of the offense are not alleged does not make this indictment void. It is unnecessary to allege the date and time of an offense unless the date and time are material ingredients of an offense. Carroll v. State, 440 So.2d 1168 (Ala.Crim.App.), cert. denied, 440 So.2d 1168 (Ala. 1983); Kelley v. State, 409 So.2d 909 (Ala.Crim.App. 1981), cert. denied, 409 So.2d 909 (Ala. 1982).
 "Such is not the case here. The indictment was sufficient in law in this instance." *Page 900 
Here, the indictment follows the language of the charging statute. Thus, just as in Holmes, we find no error here.
 IX
Appellant also challenges the sufficiency of the evidence. He contends that the case should never have been submitted to the jury for decision. The court alone, of course, makes the decision whether there is sufficient evidence in each element of the crime for the jury to even consider.
On appeal this court, by law, reviews the challenged evidence in the light most favorable to the prosecution. We find there was sufficient evidence for the court to permit the case to go to the jury.
Appellant was charged with obtaining, by deception, control of cash in the value of $11,000, in violation of § 13A-8-3,Code of Alabama 1975. A person commits the crime of theft of property if he knowingly obtains, by deception, control of property of another with the intent to deprive the owner of the property. § 13A-8-2, Code of Alabama 1975. Deception occurs when a person knowingly creates or confirms another's impression which is false and which the defendant does not believe to be true. § 13A-8-1(1), Code of Alabama 1975. In this theft prosecution, the finding that the accused knowingly obtained, by deception, control over the property, as the indictment charged, was supported by evidence.
The State presented evidence that tended to prove that the appellant used deception to obtain control of the victim's $11,000. It was given to him because he deceived the victim into believing he was an F.B.I. agent or other law enforcement officer who was conducting an examination of her bank's records. A prima facie case of first degree theft was made. Appellant's contention, therefore, fails.
 X
Appellant's final contention is that his conviction should be reversed because the State failed to prove that he had previous felony convictions for the purpose of sentence enhancement under this State's Habitual Felony Offender Act, § 13A-5-9,Code of Alabama 1975. The record reflects that the State introduced certified docket entries from the State of Florida which indicated that appellant had four prior convictions, but the record did not state the crimes.[1]
"Unless an accused actually admits his prior convictions . . . the State must prove his record in order to trigger the operation of the habitual offender sentencing provisions."McGhee v. State, 412 So.2d 327, 328 (Ala.Cr.App. 1982). The burden of proof is on the State to prove previous felony convictions. A.R.Crim.P.Temp., Rule 6.
Generally, the "proper way to prove a prior conviction of a felony is by introducing a certified copy of the minute entry,showing a valid prior conviction of the defendant of a felony
or by admission of the defendant." Thomas v. State435 So.2d 1319, 1323 (Ala.Cr.App.), rev'd on other grounds,435 So.2d 1324 (Ala.), on remand, 435 So.2d 1326 (Ala.Cr.App. 1982),appeal after remand, 435 So.2d 1327 (Ala.Cr.App. 1983). (Emphasis supplied.)
The correct method of proving prior felony convictions which occur in a sister state is set forth in § 12-21-70, Code ofAlabama 1975, which states in pertinent part:
 "The record and judicial proceedings of the courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form. . . ." *Page 901 
See also Thomas v. State, 507 So.2d 980, 981 (Ala.Cr.App. 1986); McBride v. State, 480 So.2d 619, 620 (Ala.Cr.App. 1985).
The Florida docket entries are silent as to the nature of the crimes for which appellant was convicted. Appellant did not admit in court that he had been previously convicted of any felonies. At the sentencing hearing, the district attorney remarked on what crimes had led to appellant's Florida convictions, giving some case numbers. However, the docket entries contained in the record on appeal do not contain legible case numbers. Accordingly, we conclude that the law was not followed, and that the State failed to meet its burden of proving that appellant had been convicted of any previous felonies. Without such proof of the nature of appellant's convictions, no determination can be made as to whether appellant's offenses made the basis of his convictions, were felonies we may consider. Under § 13A-1-2(4), Code of Alabama
1975, the offense would have to have been a felony if it had been committed in Alabama on or after January 1, 1980. See
A.R.Crim.P.Temp., Rule 6(b)(3)(iv).
For this reason, the conviction is affirmed, but the case is remanded for a sentencing hearing consistent with Alabama law.
REMANDED FOR SENTENCING.
All the Judges concur.
[1] We note that this is not a situation where the State discovered the existence of the appellant's prior convictions after he had been sentenced and sought to have appellant re-sentenced as a habitual offender. Therefore, the recent decision of our Supreme Court in Williams v. State,510 So.2d 135 (Ala. 1987), has no bearing in the instant case.