JAMES H. FAULKNER, Retired Justice.
Walter Louis Frazier was convicted of burglary in the second degree in violation of § 13A-7-6(b), Code of Alabama 1975, and was sentenced to life imprisonment in the penitentiary as a habitual offender. One issue is raised on appeal.
Frazier contends that the evidence was insufficient to support the jury’s verdict and the judgment of conviction.
*880 “In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.” Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff’d, 471 So.2d 493 (Ala.1985). Where, moreover, the state establishes a prima fa-cie case, conflicting evidence presents a jury question which is not subject to review on appeal. See Willis v. State, 447 So.2d 199, 201 (Ala.Cr.App.1983).
After examining the evidence and applying the proper standards of review, we find that there was sufficient evidence presented by the state to allow the jury to conclude beyond a reasonable doubt that Frazier was guilty of the crime as charged.
The elements of the offense with which Frazier was charged are: 1) the unlawful entry 2) into a lawfully occupied dwelling house 3) with the intent to commit a theft or a felony therein.
Eyewitness Diana Warren testified that on October 18, 1988, she actually saw Frazier approaching the house in which she lived with her husband and five-year-old son. Because her husband was not at home, she immediately telephoned her mother to get help, locked her kitchen door, ran upstairs to secure her child, and then started downstairs, armed with a pistol. She saw Frazier enter her house carrying a fire poker, which he had used to pry open the kitchen door. She then crouched on the stairs and observed Frazier walk towards her purse, which was visible on a table. Frazier then turned around and saw her on the stairway. He then ran out the kitchen door, with Mrs. Warren in pursuit, and escaped into the woods surrounding her home.
At trial, Mrs. Warren identified Frazier as the individual who unlawfully entered her home. She testified that she was certain of his identify because his late mother had formerly been employed by her parents and she had known Frazier for at least 15 years.
Frazier’s intent to commit a theft could be inferred from his forcible entry and unexplained presence in the Warren home. Holmes v. State, 497 So.2d 1149, 1153 (Ala.Cr.App.1986). A completed theft is unnecessary to sustain a conviction for burglary in the second degree. Houston v. State, 56 Ala.App. 295, 321 So.2d 261 (Cr.App.1975).
A careful review of the record reveals no error injuriously affecting the substantial rights of Frazier, and the judgment and conviction are hereby affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.