The defendant, Patricia Gordon, appealed from a denial of her motion for a psychiatric examination. She maintains that she was at trial, and still is, incapable of "aiding or assisting" her attorney in the preparation of a defense. We reverse and remand.
Gordon was charged with theft of property in the first degree. She pleaded guilty to the theft charge following the trial court's denial of her motion for a psychiatric examination. She was convicted. She appealed to the Court of Criminal Appeals, arguing that it was error to deny her motion. That court affirmed her conviction and later denied her application for rehearing. We granted certiorari.
The issue presented for review is whether the trial court erred in denying Gordon's request for a psychiatric examination.
The matter of court-sanctioned psychiatric examinations is addressed in Ala. Code 1975, § 15-16-21. This Court has held it to be within a trial court's discretion to grant requests for psychiatric examinations. Where a trial court has discretion, its decisions will go undisturbed on review, absent a clear abuse of that discretion. Pace v. State,284 Ala. 585, 226 So.2d 645 (1969). In this case, we will review the propriety of the trial court's action by examining the "inferences that were to be drawn from the undisputed evidence and whether, in light of what was then known, the failure to make further inquiry into petitioner's competence to stand trial, denied [her] a fair trial." Drope v. Missouri,420 U.S. 162, 175, 95 S.Ct. 896, 905, 43 L.Ed.2d 103, 115
(1975).
The State maintains that the evidence supporting Gordon's request for a psychiatric evaluation lacks the elements necessary to warrant a further inquiry concerning her mental competency. The State relies on Davis v. State,354 So.2d 334 (Ala.Crim.App. 1978); in that case the Court citedDrope for this proposition:
 Three factors are to be considered by the trial court in evaluating an accused's competency to stand trial, (1) the existence of a history of irrational behavior, (2) prior medical opinion, and (3) accused's demeanor at trial. [Citations omitted.].
Davis, at 338.
The State contends that in the present case theDavis factors were not satisfied *Page 364 
because no evidence of irrational behavior or prior medical opinion was adduced. Instead, the state argues, the trial court was left to base its findings solely on Gordon's testimony that she underwent medical treatment for drug addiction, on the testimony of certain attorneys, and on Gordon's demeanor during the hearing. The case of Bailey v. State,421 So.2d 1364 (Ala.Cr.App. 1982), sets forth the test for evaluating an accused's competency to stand trial as whether the accused has "sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceeding against him." 421 So.2d at 1366, citing Dusky v.United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824
(1960); see also Atwell v. State, 354 So.2d 30
(Ala.Cr.App. 1977), cert. denied, 354 So.2d 39 (Ala. 1978). In the instant case, three attorneys who had had personal encounters with Gordon concluded that she was incapable of aiding an attorney in her defense. Everett Johnson III testified that before withdrawing from the present action as Gordon's attorney, he had become acquainted with her. Based on his association with her, Johnson concluded that she should undergo psychiatric evaluation:
 Q. Do you have an opinion from your professional judgment as to whether or not there is probable cause to have Mrs. Gordon examined by a psychiatrist pursuant to an insanity plea?
 A. Well, I'm certainly suspicious of her competency, let me say that.
 Q. Could you state that it is your professional opinion that there is probable cause to have her examined by a psychiatrist?
A. At the time I had my dealings with her, yes.
Q. And this was subsequent to the indictment?
A. Yes, sir.
Johnson answered the following questions thusly:
 Q. Well, do you, or do you not, or would you recommend in your professional judgment that she be examined by a psychiatrist?
. . . .
A. Yes, sir.
Further, on re-direct examination, Johnson responded as follows:
 Q. These two conversations that Mr. Starnes asked about, regardless of how brief they were, they were sufficient to convince you that perhaps she had some sort of a mental problem?
A. Yes, sir.
Tammy Driskell testified that she became acquainted with Gordon during her representation of Gordon at the arraignment in the present case. Following her interview with Gordon, Driskell concluded that Gordon was incapable of assisting in preparing for her own defense. Driskell's testimony reveals the following:
 Q. . . . . [H]ave you had an occasion to form an opinion as to her competency to either stand trial or to aid her attorney in the preparation of her defense?
A. Yes, sir.
Q. What is your judgment on that?
 A. At the time I talked with her, I don't believe she was able to assist me had I had to defend her in it.
Q. Is that your professional opinion?
A. Yes, sir.
. . . .
 Q. If you were representing her today would you file a motion to have her examined?
A. Yes, sir.
 Q. Is it your judgment that there is probable cause to have her examined by a psychiatrist?
 A. Based on my conversation with her at the arraignment, yes, sir.
Finally, Charles Ogden testified that he knew Gordon as a result of being involved with her in legal proceedings although he had never represented her. Ogden also concluded that Gordon was incapable of aiding her attorney in preparing for her own defense:
 Q. . . . . [A]nd based upon your dealings with her in [prior] litigation, has it been sufficient to give rise to your ability to *Page 365 
form some professional judgment or give an opinion as to her competency to stand trial or to aid her attorney in preparing the defense for her case?
A. Yes, sir, I feel like it has.
 Q. Would you please tell the Court what your judgment is on that as to whether or not she is competent to stand trial, number one, and, number two, whether or not she's competent to assist her attorney in preparing a defense.
 A. Well, I have strong suspicions that she is competent to stand trial or to aid her attorney. I really question it very seriously.
Q. Do you question that very seriously?
A. Yes, I do.
 Q. Could you state in your professional judgment that there is probable cause for a psychiatric examination?
A. Yes, sir, without a doubt.
On cross-examination by the district attorney, Ogden testified:
 Q. What in her testimony today indicates to you that she doesn't know what's going on and what she's charged with and what these proceedings are about or anything that has been asked by the State here — what indicated to you that she didn't know what was going on?
. . . .
 A. Mr. Starnes, to answer your question to the best of my ability, I thought a number of her answers were inappropriate in that they were unresponsive to the question that you were asking. . . .
In view of the foregoing, we opine that the State's reliance on the three elements of Davis is misplaced. While the Court of Criminal Appeals in Davis may have suggested that there are only three factors to be considered in evaluating whether an accused is competent to stand trial, the evaluation should not stop there. To suggest that an accused's competency can be assessed based solely on such a restricted analysis defies common reasoning. The three Davis
elements, namely, 1) an accused's history of irrational behavior, 2) prior medical opinion about the accused, and 3) an accused's demeanor at trial, are
 all relevant in determining whether further inquiry is required. . . . [However,] [t]here are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated. That they are difficult to evaluate is suggested by the varying opinions trained psychiatrists can entertain on the same facts.
Drope, 420 U.S. at 180, 95 S.Ct. at 908.
We conclude that the evidence presented to the trial court warranted further inquiry into Gordon's mental competence. The judgment of the Court of Criminal Appeals is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.