TYSON, Judge.
Eddie Brown was charged by indictment with nine separate felony charges, arising out of one incident, including: two counts of attempted murder, in violation of § 13A-6-2 and § 13A-4-2, Code of Alabama 1975; one count of rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975; two counts of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975; one count of arson in the first degree, in violation of § 13A-7-41, Code of Alabama 1975; two counts of kidnapping in the first degree, in violation of § 13A-6-43, Code of Alabama 1975; and one count of burglary in the first degree, in violation of § 13A-7-5, Code of Alabama 1975. The petit jury found the appellant “guilty as charged in the indictment” on all nine counts. The trial judge sentenced the appellant to nine terms of life imprisonment, each to run consecutively, as a habitual felony offender. The appellant was also ordered to pay $19,956 in restitution to the victims.
The appellant was tried and convicted after pleading not guilty and not guilty by reason of mental defect or insanity. His insanity plea is based on his problem with alcohol and drugs before and during the period in which he committed the charged offenses.
On January 22, 1989, the appellant forced his way into the victims’ home. He stayed there, against the victims’ wishes, for ten hours. During this time, he tied the victims up; he robbed both of them of U.S. currency; he beat them and threatened to shoot them; he raped the female victim, the prosecutrix, and afterwards shot her; and then he placed both victims on the bed, poured gasoline on the bed, and attempted to start a fire before he fled.
Both victims suffered serious injuries. The prosecutrix was hospitalized for three weeks (one week in intensive care). All of her major organs were injured. Her physicians performed surgery and removed part of her left breast. A colostomy was also performed upon her.
The male victim, her husband, suffered a broken arm, torn tendons, and bruises and contusions.
The appellant argues that, because of his addiction to alcohol and drugs, he was unable to appreciate the nature and culpability of his acts. The appellant was interviewed and examined by Dr. Merle Wright, director of intake and screening, with the Montgomery Area Mental Health Authority. Dr. Wright, a licensed professional counselor, testified that he found no evidence of mental illness.
The appellant claims that he should have been provided additional court-funded psychiatric evaluation, since Dr. Wright was able to determine only the appellant’s sanity at the time of the interview.
We recently addressed a similar issue in Gay v. State, 562 So.2d 283 (Ala.Cr.App.1990). We opined in Gay:
“An accused does not have a constitutional guarantee to publicly-funded psychiatric evaluations of his own choosing. Nelson v. State, 511 So.2d 225, 237 (Ala.Cr.App.1986), aff'd, 511 So.2d 248 (Ala.1987), cert. denied, 486 U.S. 1017, 108 *1135 S.Ct. 1755,100 L.Ed.2d 217 (1988). He is only entitled to such an evaluation when he claims insanity to be a ‘significant factor at trial.’ Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).
“The decision to allow an indigent defendant access to public funds for psychological evaluation lies in the discretion of the trial judge. The trial judge has the opportunity to observe the accused firsthand and make a determination. Bailey v. State, 421 So.2d 1364, 1366-67 (Ala.Cr.App.1982).”
In the cause sub judice, both victims testified that they had known the appellant for several years. The appellant had done various jobs on the victims’ farm from the time he was 14 years of age until the time he committed these crimes. The victims testified that the appellant did not appear intoxicated when he was in their home on January 22, 1989.
Moreover, the trial judge refused to instruct the jury on the defense of intoxication, stating that the appellant failed to show any evidence that he was intoxicated at the time of the incidents at issue.
Based on the evidence, we find no abuse of the trial judge’s discretion in refusing to grant the appellant access to additional publicly-funded psychiatric evaluation.
For the reasons shown, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.