I must respectfully dissent from the majority's holding that the trial court abused its discretion in denying the appellant's motion requesting a mental evaluation. I disagree because, in my opinion, the appellant failed to show that a reasonable doubt existed as to his competency to stand trial and failed to make a preliminary showing under Ake v. Oklahoma,470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), as to his sanity at the time of the offense.
Dr. Barbara Keown, an employee at the East Alabama Mental Health Center and a counselor at the Nan Kelley Counseling Center, was the appellant's only witness at the hearing on his motion. Dr. Keown had not evaluated the appellant in person; instead, she merely reviewed his medical records from the Nan Kelley Counseling Center. She testified that the appellant had been diagnosed as suffering from chronic paranoid schizophrenia. The records further indicated that he had sought treatment for hallucinations and behavioral problems and had expressed difficulty adjusting to life outside of prison.
Dr. Keown was unable to express an opinion whether the appellant would have appreciated the wrongfulness of his conduct when *Page 872 
he committed the assault. She further stated that she was unable to make an informed decision as to whether the appellant had sufficient present mental ability to consult with his attorney with a reasonable degree of rational understanding and whether he had a rational understanding of the proceedings against him. Upon further questioning, Dr. Keown responded that perhaps "[i]f I had more contact with him, I would be able to better give an opinion about these things." (S.R. 15.)
In Bailey v. State, 421 So.2d 1364 (Ala.Cr.App. 1982),[1] this Court found that the trial court had not abused its discretion in denying Bailey's motion requesting a mental evaluation. In so finding, this Court noted:
 "[T]here was never any specific testimony as to whether or not the defendant was competent or incompetent to stand trial. [The witness's] conclusion was that further psychiatric evaluation would be advisable. Consequently, the defendant failed to carry the burden of persuasion he has on a hearing of a motion for a competency investigation."
Bailey, 421 So.2d at 1366.
This Court further stated:
 "Proof of the incompetency of an accused to stand trial involves more than simply a mere showing that the accused has mental problems or psychological difficulties. The competence of an accused to stand trial is determined by whether at the time of the trial he has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceeding against him."
Id.
Here, as was the case in Bailey, there was no testimony indicating that the appellant could not assist in his defense or that he was unable to understand the charge against him. All Dr. Keown stated on this subject was that further evaluation would be necessary and that she "would guess there may be a problem there." (C.R. 13.) Thus, this case is distinguishable from Ex parte Gordon, 556 So.2d 363 (Ala. 1988), cited by the majority in support of its decision to reverse the trial court. In Ex parte Gordon, three attorneys who had previously represented the defendant testified that she had been unable to assist them in the preparation of her defense. Based on this testimony, the Alabama Supreme Court held that the evidence warranted further inquiry into the defendant's mental competence. No such testimony was presented in this case. Thus, I do not agree with the majority that the evidence here "is even more compelling" than the evidence presented in Ex parteGordon.
As for the majority's reliance on Ake v. Oklahoma, supra, as an additional reason to reverse, this Court has stated:
 "A criminal defendant does not have a right to a mental examination merely because he requests one. Blevins v. State, 516 So.2d 914, 915 (Ala.Cr.App. 1987); Marlow v. State, 538 So.2d 804, 807
(Ala.Cr.App. 1988). Nor does the fact that an accused is indigent automatically entitle him to a free psychiatric evaluation. Nelson v. State, 405 So.2d 392, 394 (Ala.Cr.App. 1980), reversed on other grounds, 405 So.2d 401 (Ala. 1981); Bailey v. State, 421 So.2d 1364, 1367 (Ala.Cr.App. 1982). An indigent defendant will be entitled to state-funded psychiatric assistance only after he has made a preliminary showing that his sanity at the time of the offense is questionable. Holmes v. State, 497 So.2d 1149, 1151 (Ala.Cr.App. 1986); Sabiar v. State, 526 So.2d 661, 663 (Ala.Cr.App. 1988)."
Stewart v. State, 562 So.2d 1365 (Ala.Cr.App. 1989) (emphasis added.)
The evidence presented at the appellant's hearing did not address any of the critical questions before the trial court — whether the appellant had the present ability to consult *Page 873 
with his attorney, whether he understood the proceeding against him, and whether he was sane when he committed the offense. The majority reasons that evidence that the appellant exhibited psychotic behavior some months before committing the present offense was sufficient to warrant further inquiry. However, there was no testimony as to whether this "condition" would have affected the appellant's ability to consult with his attorney or to understand the proceedings against him or whether it would have affected his ability to understand the wrongfulness of his acts at the time the offense was committed. Given the fact that the appellant had been determined competent to stand trial on two prior offenses in 1988 and 1989, testimony concerning the appellant's mental state at the time of the now charged offense was essential. Although the appellant need not have proven at the motion hearing the ultimate issue of his sanity at the time of the offense or his mental competency, he was required to present some evidence that would have warranted further inquiry into his mental state. I fail to see how Dr. Keown's equivocal statements provided this evidence. In my opinion, the appellant failed to meet his burden of persuasion on this matter. Accordingly, I would hold that the trial court did not abuse its discretion in denying the appellant's motion seeking a mental evaluation.
[1] I recognize, as the majority notes, that Bailey was decided before the United States Supreme Court's decision in Ake v.Oklahoma, supra. However, this Court's reasoning in Bailey
continues to be useful in examining a defendant's competency to stand trial and in reviewing a trial court's decision to grant or deny a request for a mental examination. Moreover, in Exparte Gordon, 556 So.2d 363 (Ala. 1988), a case upon which the majority relies in reversing the judgment in this case, the Alabama Supreme Court cites Bailey.