COURT OF APPEALS OF VIRGINIA

Present:  Judges Huff, Ortiz and Lorish
Argued by videoconference

PUBLISHED

ERIC TOREZ CLARK

                                                    OPINION BY
v.        Record No. 0017-21-1              JUDGE DANIEL E. ORTIZ
                                             NOVEMBER 23, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge[1]

Tiffany T. Crawford (Morris, Crawford & Currin, P.C., on brief), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


The Due Process Clause of the Fourteenth Amendment ensures only competent

defendants are subject to criminal prosecution. A criminal defendant's fitness to stand trial is a

critical consideration in administering justice and complying with the constitutional mandate of

prosecuting only those competent to understand the proceedings and participate in their own

defense. When a trial court analyzes whether a defendant may be incompetent, it must

appreciate how mental health may impact proceedings to guarantee a fair criminal justice system.

In this appeal, Eric Torez Clark ("Clark") challenges his conviction and sentence in the

Circuit Court of the City of Chesapeake ("trial court"). On appeal, Clark argues the trial court

erred when it abused its discretion by denying his two motions for a competency evaluation on

_____
[1] Judge Rufus A. Banks, Jr., issued the final judgment in this case. Judge Randall D.
Smith denied the pre-trial competency evaluation motion at the June 25, 2020 hearing. This
Court reverses the judgment solely on the basis of Judge Smith's denial at the June hearing.

November 18, 2019, and June 25, 2020.[2]  Clark argues that he was entitled to a competency evaluation because there was probable cause to believe he did not understand the proceedings against him, and he was unable to assist his counsel.  We agree with Clark that the trial court abused its discretion in denying his second motion on June 25, 2020.  Accordingly, we reverse the judgment of the trial court convicting Clark.

BACKGROUND

On January 25, 2019, Chesapeake police officers executed a search warrant for Clark and his car based on information that Clark was involved in a drug transaction.  In executing the warrant, officers found cocaine in Clark's pockets and a gun and cocaine distribution paraphernalia in Clark's car.  The officers arrested Clark.  On June 4, 2019, a grand jury indicted Clark for possession of a controlled substance with intent to distribute, possession of a firearm by a felon, and use of a firearm in connection with distributing controlled substances.

On November 8, 2019, Wm. Joshua Holder ("Holder"), Clark's first appointed counsel, filed a motion for a competency evaluation.  In support of this motion, Holder proffered difficult counsel-client communication, Clark's argumentative behavior, Holder's previously denied motion to withdraw, Clark's belief in conspiracy theories surrounding his case, and Clark's documented mental health history of schizophrenia and paranoia.

At the hearing on November 18, 2019 ("November hearing"), before Judge Rufus A. Banks, Jr. ("Judge Banks"), Holder explained that Clark "comes across as very intelligent," seems to understand each party's role in the process, and knows some legal terminology.  Even so, he asserted Clark's continuous talk of conspiracy theories made it difficult for them to work

---

[2] In his petition for appeal, Clark also argued the trial court erred because the evidence was insufficient to prove the charges.  However, this Court denied the writ as to the insufficiency of the evidence assignments of error.

together to prepare a defense. Holder further questioned Clark's competence based on Clark's mental health history, partially confirmed by Clark's sister, including schizophrenia and paranoia diagnoses. Overall, Holder argued Clark's behaviors indicated he was "living in a delusional state" from which he could not understand the nature of the charges or reasonably assist Holder in preparing a defense.

The Commonwealth objected to this motion. The Commonwealth argued defense counsel's statements alone were insufficient evidence of probable cause for an evaluation and Clark's irrational behavior, past mental health problems, and insistence on a conspiracy defense did not indicate present incompetence. Judge Banks denied the motion.

After this, Holder withdrew as Clark's counsel and Tiffany T. Crawford ("Crawford") replaced him. Within months, Crawford also moved for a competency evaluation. At the hearing on June 25, 2020 ("June hearing"), before Judge Randall D. Smith ("Judge Smith"), Crawford said she felt "ethically bound" to seek a competency evaluation because Clark's mental problems had deteriorated to the point she no longer believed he understood what was happening in the case. As evidence, she presented recent letters Clark sent to his sister detailing a conspiracy that he believed the FBI needed him to investigate.[3]

Crawford pointed to the letters and Clark's paranoia and schizophrenia diagnoses to corroborate her concern that Clark's mental health problems were affecting his case. She proffered that Clark was currently receiving Seroquel, a medication used to treat certain mental illnesses, at the jail. Crawford represented Clark was "having trouble differentiating between fantasy and reality" and she could not "get him to stay in reality long enough to help [her] or to

---

[3] These six letters are addressed to Clark's sister but written to various entities including the IRS, the sheriff's office, a law firm, and the Supreme Court. They are styled as "filings for a conspiracy" and allege Clark is owed money from various sources and the jail is tampering with and stealing his outgoing mail.

understand what[] [was] going on."[4]  Crawford also mentioned Holder's previous motion for a competency evaluation and how she believed Clark's condition had worsened since the November hearing.  She argued "the fact that two separate defense attorneys, who are both very experienced in dealing with clients" have made similar motions casts sufficient doubt on Clark's competency.

In opposition to Clark's motion, the Commonwealth introduced a recorded phone conversation from April 2019 between Clark and his girlfriend.  On this call, Clark's girlfriend told him he was likely to spend only a year in psychiatric treatment rather than prison due to his mental health history.  Specifically, Clark's girlfriend said, "you don't have to play crazy because you're already on paper for that."  Clark did not speak at length on the call but agreed when his girlfriend insisted he undergo psychiatric treatment as an alternative to prison time, if available.

Throughout the June hearing, Judge Smith repeatedly asked Crawford to present evidence of Clark's inability to understand the proceedings or assist counsel.  As Clark's counsel, Crawford related her impressions of Clark's incompetence along with the other facts illustrating Clark's incompetence.  While Crawford stated she could not divulge the specifics of her conversations with Clark due to attorney-client privilege, she insisted these privileged conversations concerned her.  However, Judge Smith dismissed Crawford's representations as "conclusions" or "opinion" and continued to ask Crawford for "evidence."[5]  Judge Smith then

---

[4] Crawford said Clark is sometimes able to function in reality, but recurrently slips into a "fantasyland" from which he is unable to understand the proceedings or assist her.

[5] Judge Smith drew a distinction between the physical evidence Crawford proffered ("evidence") and Crawford's representations ("conclusions").  For example, Judge Smith received the letters Crawford submitted to the court as evidence of Clark's incompetence, but

denied the motion, stating the evidence Crawford did present, such as the letters, did not support a finding of probable cause for a competency evaluation.[6]

At a bench trial, Clark was convicted on all charges. This appeal followed. Clark argues the trial court abused its discretion by denying defense counsel's motions for a competency evaluation at the November and June hearings. Clark argues a competency evaluation was warranted because his counsel demonstrated probable cause he did not understand the proceedings against him and was unable to assist his counsel at each hearing.

ANALYSIS

A. Standard of Review

A defendant is competent to stand trial when he has the present ability to understand the proceedings against him and consult with his lawyer with a reasonable degree of understanding. Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam); United States v. Taylor, 437 F.2d 371, 375 (4th Cir. 1971). Under Code § 19.2-169.1(A), a court is required to order a competency evaluation if there is "probable cause to believe" the defendant "lacks substantial capacity to understand the proceedings against him or to assist his attorney in his own defense."

Because a trial court is in the best position to weigh the evidence presented on a defendant's competency, we will reverse a trial court's decision denying a competency evaluation under Code § 19.2-169.1(A) only if the trial court abused its discretion. Dang v. Commonwealth, 287 Va. 132, 146 (2014); Johnson v. Commonwealth, 53 Va. App. 79, 93 (2008). A trial court abuses its discretion when it (1) does not consider a "relevant factor" that

_____

insisted Crawford provide "evidence" to support her "conclusions" about Clark's condition, which comprised much of the hearing.

[6] In his ruling, Judge Smith stated, "I have to determine evidence and not conclusions, and I can't say that the evidence that's been produced to the Court will enable me to make a finding of probable cause . . . ."

- 5 -

should have been given "significant weight," (2) considers an "irrelevant or improper factor" and gives it significant weight, or (3) considers all relevant factors but makes a "clear error of judgment" in weighing the factors. Dang, 287 Va. at 146 (quoting Landrum v. Chippenham & Johnston-Willis Hosps., 282 Va. 346, 352 (2011)).

We can find an abuse of discretion has occurred only when "reasonable jurists could not differ" as to the proper result. Grattan v. Commonwealth, 278 Va. 602, 620 (2009) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, adopted upon reh'g en banc, 45 Va. App. 811 (2005)). While we cannot substitute our judgment for the trial court's, the abuse of discretion standard requires us to determine "whether the record fairly supports the trial court's action." Id. (quoting Beck v. Commonwealth, 253 Va. 373, 385 (1997)). In this review, "[w]e view the evidence in the light most favorable to the Commonwealth," the prevailing party below. Id. at 617.

## B. Competency Evaluations and Due Process

The Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of an incompetent defendant. Medina v. California, 505 U.S. 437, 439 (1992); Drope v. Missouri, 420 U.S. 162, 171-72 (1975); Dang, 287 Va. at 144. Therefore, states must guarantee that there are procedural safeguards in place to ensure a defendant is competent. Medina, 505 U.S. at 449; Dang, 287 Va. at 144.

In Virginia, the General Assembly enacted Code § 19.2-169.1 to this aim. Dang, 287 Va. at 145. Under Code § 19.2-169.1(A), a court is required to order a competency evaluation if there is "probable cause to believe" the defendant "lacks substantial capacity to understand the proceedings against him *or* to assist his attorney in his own defense." (Emphasis added). This language reflects the Supreme Court's articulated standard for competency. See Godinez v. Moran, 509 U.S. 389, 396 (1993) (holding a defendant is competent to stand trial if he has

"sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" *and* "a rational as well as factual understanding of the proceedings against him" (quoting Dusky, 362 U.S. at 402)).

If there is probable cause a defendant lacks the ability to assist counsel and participate in his own defense, this alone warrants a competency evaluation under Code § 19.2-169.1. A defendant's "present ability to consult with his lawyer with a reasonable degree of understanding" impacts many decisions a defendant must make throughout trial. Dusky, 362 U.S. at 402. Therefore, if a defendant lacks the ability to reasonably communicate with counsel, he is likely unable to exercise many other "rights deemed essential to a fair trial." Cooper v. Oklahoma, 517 U.S. 348, 364 (1996) (quoting Riggins v. Nevada, 504 U.S. 127, 139 (1992) (Kennedy, J., concurring)).[7]

Because competency evaluation procedures protect these essential rights, a defendant raises a procedural due process claim when he alleges he was wrongfully denied a competency evaluation. Johnson, 53 Va. App. at 93. While this Court reviews denials of competency evaluations under an abuse of discretion standard, we remain cognizant of the constitutional protections at risk. See Cooper, 517 U.S. at 364 (explaining how the consequences of an erroneous determination threaten the fundamental fairness of our criminal justice system).[8]

---

[7] For example, a defendant's inability to communicate with counsel impacts his ability to determine his plea and waive privilege or his right to a jury trial, as well as "a myriad of smaller decisions concerning the course of his defense." Cooper, 517 U.S. at 354 (quoting Riggins, 504 U.S. at 139-40 (Kennedy, J., concurring)).

[8] The risks associated with ordering a potentially "unnecessary" competency evaluation are negligible for a defendant facing felony charges. These evaluations are typically performed on an outpatient basis, minimizing undue expense and delay. See Code § 19.2-169.1(B). On the other hand, the cost of rejecting potential competency concerns is incalculable. "For the defendant, the consequences of an erroneous determination of competence are dire." Cooper, 517 U.S. at 364. Such an erroneous determination "threatens a 'fundamental component of our

## C. Competency Evaluations under Code § 19.2-169.1(A)

The courts have not established any "fixed or immutable signs" indicating a defendant is entitled to a competency evaluation. Drope, 420 U.S. at 180. Instead, probable cause warranting a competency evaluation depends on "probabilities that are based upon the factual and practical considerations in everyday life as perceived by reasonable and prudent persons." Johnson, 53 Va. App. at 93 (quoting Parker v. Commonwealth, 255 Va. 96, 106 (1998)). While one factor standing alone may be sufficient for probable cause, a judge most often evaluates several relevant factors to determine if an evaluation is warranted under the circumstances. Drope, 420 U.S. at 180.

A persuasive factor in this evaluation is counsel's opinion on a client's competency. Johnson, 53 Va. App. at 94. Code § 19.2-169.1(A) explicitly mentions a court can find probable cause for a competency evaluation "upon hearing evidence *or representations of counsel for the defendant*." (Emphasis added). A court should "strongly consider" counsel's representations because counsel is in the best position to speak to a client's ability to understand proceedings and assist counsel at trial. Johnson, 53 Va. App. at 94; Smith v. Commonwealth, 48 Va. App. 521, 535-36 (2006). Still, while persuasive, counsel's assertions, "standing alone, do not typically provide probable cause for an evaluation." Johnson, 53 Va. App. at 94. For example, counsel's "general impression" of a client's incompetence or testimony about limited instances of a client's irrational behavior alone does not establish sufficient doubt. Id. at 94-97 (holding "vague, unsubstantiated representations of counsel did not provide probable cause").

---

criminal justice system' -the basic fairness of the trial itself." Id. (quoting United States v. Cronic, 466 U.S. 648, 653 (1984)). For these reasons, the evidentiary showing required to warrant a competency evaluation is appropriately a low one.

Yet courts have found counsel's detailed proffer about a client's mental state sufficient to satisfy the probable cause standard. Johnson, 53 Va. App. at 95; see, e.g., Nowitzke v. State, 572 So. 2d 1346, 1349-50 (Fla. 1990) (per curiam) (holding the court erred in denying a competency evaluation when counsel detailed defendant's paranoid beliefs showing a lack of rational thinking); Ex parte Gordon, 556 So. 2d 363, 364-65 (Ala. 1988) (per curiam) (holding that three different attorneys' opinions defendant should be examined warranted inquiry into defendant's mental competence). Therefore, counsel's representations, though not always conclusive, are "unquestionably a factor which should be considered." Drope, 420 U.S. at 177 n.13.

An evaluating court should also consider "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." Id. at 180; Johnson, 53 Va. App. at 92. Additionally, a history of irrational behavior or mental illness may provide probable cause for further inquiry into a defendant's competency. See Drope, 420 U.S. at 179 (holding the lower court erred when it gave insufficient weight to testimony about the defendant's past irrational behavior); Pate v. Robinson, 383 U.S. 375, 385-86 (1966).

However, past or present mental illness alone does not necessarily provide probable cause. Dang, 287 Va. at 148; Smith, 48 Va. App. at 532. As competence requires a substantial capacity to understand proceedings and assist counsel, "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence." Walton v. Angelone, 321 F.3d 442, 460 (4th Cir. 2003); Dang, 287 Va. at 148; Smith, 48 Va. App. at 532. Mental incompetence requires that a defendant's bizarre behavior or mental illness interfere with his present capacity to participate in and understand proceedings at the time of trial. Dang, 287 Va. at 148; Smith, 48 Va. App. at 532. As discussed above, a defendant's counsel is in the best, and sometimes only, position to recognize and report the

defendant's present capacity to understand proceedings and participate in trial preparation. Johnson, 53 Va. App. at 94.

Supreme Court precedent obligates a trial court to consider these relevant factors when determining probable cause. See Drope, 420 U.S. at 179-80. Because no factor should be considered in isolation, a trial court may abuse its discretion if it evaluates a factor incognizant of the others. See id. Under the probable cause standard, the cumulative effect of multiple, relevant factors governs. See id.

### D. November and June Hearings

At the November hearing, Holder argued Clark's mental health history, conspiratorial thinking, and a difficult client-counsel relationship warranted a competency evaluation. Holder proffered his experience with Clark as Clark's counsel and his observation that Clark's mental health issues were affecting Clark's participation in the case. But after hearing the Commonwealth's objections that counsel's representations and the other evidence failed to meet the probable cause standard, Judge Banks denied the motion without discussion.[9]

We hold the court abused its discretion at the June hearing because it explicitly failed to consider counsel's representations, a relevant factor that should have been given significant weight. At the June hearing, Crawford represented her experiences with Clark as his counsel and her personal knowledge about Clark's ongoing and deteriorating mental health problems. She spoke about Clark being prescribed Seroquel while in jail and his tendency to slip into a

---

[9] Clark assigned error to these rulings as well. The low standard of probable cause only requires Clark show there is a "bona fide doubt" as to his competency. Johnson, 53 Va. App. at 92 (quoting Beck v. Angelone, 261 F.3d 377, 387 (4th Cir. 2001)). Although Clark's arguments are not without merit, we decline to reach a decision on the November hearing because the best and narrowest ground for our decision is the abuse of discretion that occurred at the June hearing. See Commonwealth v. White, 293 Va. 411, 419 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting Commonwealth v. Swann, 290 Va. 194, 196 (2015))).

- 10 -

"fantasyland." She also discussed Holder's previous motion for a competency evaluation which similarly alleged Clark's incompetence. This information was no doubt significant to the competency evaluation analysis.

However, Judge Smith repeatedly asked Crawford for "evidence" when she proffered her experiences with Clark and her opinion of Clark's competency. Judge Smith did not accept Crawford's representations as a relevant factor in the competency evaluation analysis. Instead, Judge Smith referred to Crawford's representations as mere "conclusions" or "opinion" throughout the hearing. Further, in ruling on the motion, Judge Smith explicitly stated he was only evaluating "evidence" and not "conclusions," plainly referencing Crawford's representations and excluding them from his evaluation. By dismissing Crawford's representations in this way, Judge Smith contravened Code § 19.2-169.1(A), which specifically references counsel's representations as a basis for probable cause. Because case law states the court should strongly consider counsel's representations, and a court abuses its discretion when it fails to consider a relevant factor with significant weight, the court abused its discretion when it refused to consider Crawford's representations.[10]

CONCLUSION

For the foregoing reasons, we conclude the trial court's denial of a competency evaluation at the June hearing was an abuse of discretion. Accordingly, the judgment of the trial court convicting Clark is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

---

[10] While we find the denial was an abuse of discretion under the first prong, this does not preclude future courts from reviewing similar violations under the other prongs.

- 11 -